## THE C. T. SNYDER.

## THE JOHN A. MESECK.

## NORTH RIVER BARGE LINE v. MESECK TOWING LINES, Inc.

### No. A–15908.

District Court, E. D. New York.

March 26, 1941.

Purdy & Lamb, of New York City (John E. Purdy, of New York City, of counsel), for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan and Charles F. Welch, both of New York City, of counsel), for claimant.

BYERS, District Judge.

This cause involves a collision between the light barge C. T. Snyder and a stick lighter or hoist, in the slip between Piers 57 and 58, North River, on October 3, 1939, at about 9:45 a. m. It is agreed that the weather was fair and the happening was not due to effective wind movement.

The slip was occupied as to the north side of Pier 57 by the S. S. Falcon, and on the south side of Pier 58 by the S. S. City of Flint; the former was 300 feet long by 44 feet in beam, and the latter was 390 feet long by 54.2 feet in beam; each lay bow in and was breasted off from its adjacent pier by 10 feet of staging, which left about 118 feet separating the two steamers.

The C. T. Snyder, which was about 100 feet or more in length by 33 feet in beam, had been made fast, bow out, on the port side of the Falcon, and was discharging a cargo of steel or iron pipe into the Falcon at about amidships; thus the starboard side of the Snyder was about 85 feet from the starboard side of the City of Flint.

When the discharge had been completed, the stevedores on the Falcon let go of the four lines which had been holding the Snyder in place, intending that she should drift across and up the slip towards the bulkhead, and this would have been possible, according to the testimony, because the tide in the river was making flood.

The Snyder sagged across the slip towards the City of Flint somewhat diagonally, so that her stern was nearer to that vessel than her bow and, while this was taking place, the claimant's tug John A. Meseck was engaged in landing the B. & O. barge Somerset, which she had on her port side, alongside the starboard side of the City of Flint.

It is the testimony of witnesses for both sides that the Snyder and the Meseck were in contact, following which the Snyder sagged back across the slip and struck the lighter lying alongside the Falcon, near her port bow, so that some of the planking on the port side of the barge, about 30 feet or so aft of her bow, was damaged; hence this litigation.

The only dispute is a narrow one of fact: Whether the tug John A. Meseck was in forward motion at the time of the contact first above-referred to, so as to impart sufficient momentum to the Snyder to cause her to move back toward the Falcon with enough force to bring about the second striking, which caused the damage.

It would have been possible for the Meseck to have been in forward motion either just before she landed the Somerset, or directly after that operation had been completed, since she was moving ahead when bringing the Somerset alongside the City of Flint (having previously hauled her out from the bulkhead on a head-line and then moving ahead to pick her up on

the tug's port hand). Having accomplished that, she proceeded ahead into the slip to pick up still another B. & O. barge, which she was about to shift.

While the testimony of the claimant's witnesses is of disciplined uniformity, to the effect that the engines of the tug had been still for from one-half to one minute before she and the Snyder were in contact, from which it is argued that the tug herself was not in motion, I find it impossible to accept that version; two of those witnesses were not in a position clearly to observe, and were engaged in tasks which demanded their full attention.

More important is the consideration, that unless some force had been applied to the Snyder to cause her to move southerly and easterly, she never would have come in contact with the lighter that lay alongside the Falcon near her bow; and since that was the only known effective force which the evidence reveals, it must be deemed to have been the cause of the second collision.

It is entirely possible that the tug, having completed the landing of the Somerset, was actually moving toward the bulkhead, bound on her second errand, at the critical time, and she could have been moving just enough to have imparted the momentum necessary to cause the Snyder to suffer the hull injury that has been referred to.

Since the barge had no motive power and had been set adrift in the slip through no act or omission on the part of her bargee, it seems clear that the Meseck was not at liberty to maneuver solely to effectuate her own purposes, and without regard to the obviously helpless condition of the barge.

Upon conflicting testimony, it is found that the tug John A. Meseck struck the barge C. T. Snyder on her starboard side, at the time and place above indicated, with sufficient force to cause the latter in turn to strike a lighter, lying in the slip north of Pier 57 alongside the Falcon near her bow, with such force as to cause the damage indicated on the survey, being libelant's Exhibit 2 in evidence; and that the barge herself was not at fault, from which it follows that the libelant may take the usual decree with costs.

Settle decree, and findings if an appeal is intended, on notice.